

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21144-CIV-COHN/WHITE
(Criminal Case No. 02-20572-CR-COHN)

LUIS GONZALEZ-LAUZAN, JR.,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon a Report and Recommendation [DE 11], submitted by United States Magistrate Judge Patrick A. White, regarding Movant Luis Gonzalez-Lauzan, Jr.'s Motion to Vacate Pursuant to 28 U.S.C. § 2255, attacking his conviction and sentence entered in Case No. 02-20572-CR-COHN. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion, the Report and Recommendation, and Movant's Objections, and is otherwise fully advised in the premises. The Movant raises objections to the Magistrate Judge's conclusions on each of his claims, and the Court considers each in turn.

### Claim 1:

As to the ineffective assistance of counsel claim raised in Claim 1, the Magistrate Judge concluded that Movant could show no prejudice arising from counsel's failure to object to the Court's jury instructions. Movant complained in Claim 1 that the jury was only instructed as to his conviction in Count 2 of the indictment, for which the

sentencing options presented to the jury were either death or life imprisonment. Movant argued that as to Count 5 of the indictment, the jury should also have been instructed that they could impose any term of years or life in prison. In his Report and Recommendation, Judge White concluded that any failure of counsel to object to the jury instructions was immaterial, because Movant faced either death or life imprisonment as to Count 2 in any case, and furthermore, Movant's base offense level pursuant to the U.S. Sentencing Guidelines resulted in a guideline term of life in prison regardless of criminal history.

In his Objections, Movant makes several arguments. First, he argues that it is error to rely on his sentence for the Count 2 conviction to show a lack of prejudice, because he may be able to have his Count 2 conviction overturned at some point in the future. He also argues that the number of life sentences appearing on a prisoner's Judgment and Commitment Order can have a significant impact on his placement within the federal detention system. Additionally, he points out that having two life sentences, versus one life sentence, could affect his chances for parole in the event that the federal parole system is reinstated in the future. Movant also argues that he could have received a downward departure on the Count 5 sentence based on the jury's recommendation of a term of years, rather than life imprisonment, had the jury been given the option to make that recommendation.

However, none of these arguments can succeed, because Movant has not made any showing that the sentence he received for his Count 5 conviction would have been anything other than life imprisonment even if his counsel had objected to the jury instructions. As Judge White explained, the Movant's PSI established a base offense

level of 45, which is two levels higher than the highest U.S. Sentencing Guidelines range available. A base offense level of 43, the highest level reflected in the Guidelines, carries a guideline sentence of life imprisonment. Movant has not shown, and indeed cannot show, that he would be entitled to, or would be likely to receive, any downward departure or variance from the guideline sentence no matter what recommendation the jury made as to Count 5. Accordingly, Movant can show no prejudice caused by his counsel's failure to object to the jury instructions, and Movant's Objections as to Claim 1 of his Motion must be overruled.

**Claim 2:**

In Claim 2 of his Motion, Movant argued that his counsel was ineffective for failing to object to the introduction of his prior conviction for possession of an unregistered silencer. In his Objections, Movant argues that his counsel should have offered to stipulate that he had a prior conviction that carried a sentence in excess of one year, which would have provided the evidence needed by the government to prove an element of Counts 7 and 8, but would have avoided making the jury aware of the precise nature of that conviction. Movant also asserts that, in the alternative, his counsel should have sought a limiting instruction from the court that the jury was not to use the prior conviction as a basis to punish him for the present alleged offense.

In support of his position, Movant relies on Old Chief v. United States. See 519 U.S. 172 (1997).[1] In that case, the Supreme Court considered whether a defendant

---

[1] To the extent that the Magistrate Judge's Report and Recommendation interprets Old Chief as applying only in cases where the prosecution is amenable to a stipulation, this Court does not adopt the Magistrate Judge's reasoning, but for the reasons discussed in this Order, agrees with his conclusion that this claim lacks merit.

may simply admit the existence of the prior qualifying conviction, rather than have a record of it entered into evidence, where the fact of the qualifying conviction alone is the only probative value of the evidence. The Court concluded that the general rule in cases where "the prior conviction is for an offense likely to support conviction on some improper ground," the risk of unfair prejudice would outweigh the probative value of the record of conviction. Id. at 191-92. However, in Old Chief, the only probative value of the prior conviction was its existence as a qualifying conviction to satisfy an element of the offense. In contrast, Mr. Gonzalez-Lauzan's prior conviction for possession of an unregistered silencer had probative value beyond simply its existence as a qualifying conviction for Counts 7 and 8 of the indictment. This conviction was also probative of Movant's ability to provide the silencer used on the murder weapon. It shows that the Movant had the knowledge, opportunity, ability, and intent to possess a silencer and provide it to the man who carried out the murder, which was a unique aspect of this crime. Thus, the probative value of this prior conviction for possession of a silencer goes far beyond the probative value contemplated in Old Chief, and changes the Rule 403 analysis. Given the significant probative value of the evidence, it seems clear that Movant's counsel could not have succeeded in offering to stipulate to the prior qualifying conviction, rather than the government admitting a record of that conviction, and thus, Movant can show no prejudice from his counsel's failure to do so.

Movant further argues in his Objections that even if the record of his prior conviction was admissible, his counsel should have requested that a limiting instruction be given to the jury to ensure that jurors would not use this evidence against him in an inappropriate manner. Even if such a limiting instruction would have been appropriate

and available, Movant cannot show prejudice from counsel's failure to request it. To succeed on a claim for ineffective assistance of counsel, a movant must show that but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984). Given the overwhelming evidence of guilt in this case, there is simply no reasonable probability that a limiting instruction as to this one piece of evidence would have resulted in a different jury verdict.

Finally, Movant objects to the Magistrate Judge's characterization of one of his arguments as an Apprendi claim and conclusion that such a claim could not be raised for the first time in a motion to vacate. Movant asserts again that his counsel was ineffective for failing to object to the Court instructing the jury that his prior conviction was a felony, removing the burden of proof from the government on that element. However, as the Magistrate Judge correctly explained in his Report and Recommendation, the determination of whether the Movant's prior conviction was a felony for purposes of 18 U.S.C. §924(g) was not an evidentiary determination, but rather was solely an issue of statutory interpretation. Such questions of law are properly for the Court to decide, not the jury.

For the foregoing reasons, Movant's various Objections as to Claim 2 of his Motion must be overruled.

**Claim 3:**

In Claim 3 of his Motion, Movant argued that he was denied effective assistance of counsel where his trial counsel failed to argue that his confrontation rights were violated by the introduction of incriminating statements by non-testifying and

unavailable witnesses.

Movant first objects to the Magistrate Judge's conclusion that he was not prejudiced by the introduction of the newspaper article. Although there was no error in the introduction of the newspaper article, because it was not admitted to prove the truth of the facts contained in the article, the Court will address the prejudice prong of Strickland, as Movant's Objections focus on that issue. Movant argues that the Magistrate Judge erred in relying on the "the overwhelming evidence adduced at trial implicating him." Movant cites to Kyles v. Whitley, where the Supreme Court stated that "a defendant need not demonstrate that after discounting the inculpatory evidence in light of the undisclosed evidence, there would not have been enough left to convict. The possibility of an acquittal on a criminal charge does not imply an insufficient evidentiary basis to convict." 514 U.S. 419, 434-35 (1995). In this case, the Supreme Court made it clear that "none of the Brady cases has ever suggested that sufficiency of evidence (or insufficiency) is the touchstone." Id. at n.8. All that the Supreme Court held in this case, however, is that a defendant may still win on a Brady claim even where there is still sufficient evidence to convict because pieces of evidence cannot be logically separated out from one another. Removing one piece of evidence from the equation could call into question other pieces of evidence, thus compromising the court's confidence in the overall outcome. Thus, under Kyles, even if the remaining evidence (after the erroneously admitted evidence is removed from consideration) is technically sufficient to support a conviction, a court may still find that the effect of the error was prejudicial.

However, Kyles does not stand for the proposition that a court may not consider

the weight of the other evidence in evaluating the effect of a supposed error. The basic proposition still stands that in order to show prejudice, a movant must show that there is a reasonable probability that, absent the error, the result of the proceeding would be different. To make that evaluation, a court necessarily must consider the weight of the evidence on each side of the case, and the effect that the supposed error would have had. The Magistrate Judge concluded, and this Court agrees, that even if the newspaper article was entered in error, this error could not possibly have caused the result of the proceeding to be different. This piece of evidence played an extremely minor role in the government's case, and any error in admitting it could not have had an influence on the outcome. This Court does not conclude that the remaining evidence was merely sufficient to support a conviction, but that it was overwhelming, and thus, the Movant can show no prejudice from this alleged failure of his counsel.

The Movant also objects to the Magistrate Judge's conclusions as to Officer Nabut's testimony. He first argues that, in contrast to the findings of the Magistrate Judge, he did identify individuals who did not testify at trial but whose statements were introduced by Nabut's testimony. However, beyond Wiggins and Hernandez, Movant does not, in fact, identify any other witnesses to whom Nabut made reference in his testimony,[2] and as the Magistrate Judge indicated, both Wiggins and Hernandez testified at trial and were subject to cross-examination by Movant's attorney. It seems clear that to the extent that Nabut provided testimony about information provided to him

---

[2] In his Reply to the Government's Response, he surmises that the information to which Nabut testified could have been provided by a "whole host of people who did not appear at trial," but he provides no evidence to support this contention and identifies no individuals who might be among this "whole host of people."

by Wiggins and Hernandez, this evidence was cumulative in light of the fact that both Wiggins and Hernandez testified at his trial. Furthermore, as Movant concedes, his attorney did object to Nabut's testimony on hearsay grounds. Accordingly, the Court finds no evidence that would support a claim of ineffective assistance of counsel on this point. However, even if his counsel were ineffective in failing to object to Nabut's testimony on confrontation clause grounds, the evidence was still admitted in the testimony of Wiggins and Hernandez. Therefore, this Court cannot conclude, as Movant urges, that the effect of any error was so severe as to affect the outcome of the trial. Accordingly, Movant has not shown prejudice.

The Movant also argues in his Objections that the Magistrate Judge failed to take into account the cumulative effect of the errors made by his attorney in the case. Even assuming that every error claimed by Movant did, in fact, constitute ineffective assistance of counsel, the cumulative effect of these alleged errors still does not rise to the level of prejudice that would be required to grant his Motion to Vacate. All the alleged errors complained of relate to minor points in the case, and even considered together, do not undermine this Court's confidence in the fundamental fairness of the trial or its outcome in light of the overwhelming evidence of Movant's guilt. Accordingly, this objection must be overruled as well.

**Claim 4:**

In Claim 4 of his Motion, the Movant asserted that he was denied effective assistance of counsel where his lawyer failed to object to the government's unlawful

8

bolstering of cooperating witness Wiggins.[3] According to Movant, Officer Nabut testified that Wiggins initially provided some inconsistent statements, but that this was not an uncommon thing for suspects to do when confronted by police. After Nabut's testimony, Movant's attorney recalled Wiggins to question him about his inconsistent statements to police. Movant argued in his Motion that through the evidence of Officer Nabut, the prosecution impermissibly bolstered the testimony of Wiggins, and that his counsel was ineffective for failing to object. In support of his argument, Movant relies on United States v. Hilton, where the Eleventh Circuit held that a defendant was deprived of a fair trial where the prosecutor made reference to the willingness of the prosecution witnesses to take a polygraph examination in an effort to bolster their credibility with the jury. 772 F.2d 783, 786 (11th Cir. 1985). However, in that case, the prosecutor entered evidence of, and made reference to, facts that were inadmissible as evidence. It is well settled that evidence of a witness' willingness to submit to a polygraph examination is inadmissible. See United States v. Martino, 648 F.2d 367 (5th Cir. 1981). In contrast, in the instant case, the testimony that Movant argues his counsel should have tried to exclude is simply the testimony of an officer about an interrogation of a witness. There is no allegation that the prosecutor impermissibly referred to inadmissible facts in closing arguments, or that there would have been any valid grounds for excluding Officer Nabut's testimony. This evidence also does not fall into the category of impermissible character evidence, discussed in Hilton, because

---

[3] To the extent that this claim can be construed as a claim of prosecutorial misconduct, the analysis in the Magistrate Judge's Report and Recommendation is adopted, and this Court agrees that there is no evidence that the prosecutor engaged in any unlawful misconduct.

9

Officer Nabut discussed only the context of the interrogation and did not testify to Wiggins' character for truthfulness. Thus, the Court does not find ineffective assistance in counsel's failure to make this nonmeritorious objection. Furthermore, in light of counsel's decision to recall Wiggins to the stand and his vigorous cross-examination of Wiggins as to the inconsistencies in his statement to Officer Nabut, the Court concludes that, at most, this was simply a strategic decision on the part of Movant's counsel which may not now be second-guessed. Accordingly, Movant's objections as to Claim 4 must be overruled.

**Claim 5:**

In his Objections, Movant addresses his arguments as to the claim set out in his Motion as Claim 5 separately, although the Magistrate Judge combined that claim in his discussion of Claim 2 (pages 15-16 of the Report and Recommendation). However, in these objections, Movant simply rehashes arguments made previously regarding Count Five of the indictment. As explained in the Report and Recommendation, Count 5 of the Indictment charged the Movant with only one offense: knowingly using and carrying a firearm during and in relation to a crime of violence resulting in death, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and (B)(ii), 924(j), 1111 and 2. Movant appears to object most strenuously to the reference to Section 1111. However, as the Government explained in its Response, the reference to Section 1111 in the indictment is made because 924(j) refers to that Section for its definition of the term "murder." Both the indictment and the jury instructions clearly show that only one offense was charged in Count 5 of the indictment, and thus, the Indictment is not duplicitous, as Movant argues. Accordingly, Movant's objections as to this argument

must be overruled.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge Patrick A. White [DE 11] is **ADOPTED**, except as specifically noted herein.

2. Movant Luis Gonzalez-Lauzan, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. §2255 [DE 1] is **DENIED**.

3. Any other pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 5th day of February, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Luis Gonzalez-Lauzan, Jr.
Reg. No. 50404-004
U.S.P.
P.O. Box 305
Jonesville, VA  24263

11